NUMBER 13-08-00697-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

SAMUEL G. MARTINEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Yañez and Vela


 Memorandum Opinion by Chief Justice Valdez
 Appellant, Samuel G. Martinez, was charged by indictment with one count of
aggravated robbery, a first-degree felony. See Tex. Penal Code Ann. § 29.03(a)-(b)
(Vernon 2003). After a bench trial, Martinez was convicted of the lesser-included offense
of robbery, a second-degree felony. See id. § 29.02 (Vernon 2003). The trial court
assessed punishment at ten years' incarceration in the Institutional Division of the Texas
Department of Criminal Justice with no fine.

 Martinez's appellate counsel, concluding that "the appeal in this cause is frivolous
and without merit," filed an Anders brief, in which he reviewed the merits, or lack thereof,
of the appeal. We affirm the judgment as modified. (1) 

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Martinez's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Martinez's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on Martinez, and (3) informed
Martinez of his right to review the record and to file a pro se response. (2) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23. On July 8, 2009, Martinez filed his pro se response with this Court. See In re
Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record, counsel's brief, and Martinez's pro se
response and have found nothing that would arguably support an appeal. See Bledsoe
v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and
reviewed the record for reversible error but found none, the court of appeals met the
requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
Accordingly, we modify the judgment to recite that Martinez was convicted of the lesser-included offense of robbery under section 29.02 of the penal code, see Tex. Penal Code
Ann. § 29.02, and we affirm the judgment as modified. 

III. Motion to Withdraw

 In accordance with Anders, Martinez's attorney has asked this Court for permission
to withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from
representing the appellant. To withdraw from representation, the appointed attorney must
file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within
five days of the date of this Court's opinion, counsel is ordered to send a copy of the
opinion and judgment to Martinez and advise him of his right to file a petition for
discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 


 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

25th day of February, 2010. 
1. The trial court's judgment indicates that Martinez was convicted of robbery, yet the judgment
mistakenly refers to section 29.03 of the penal code--the aggravated robbery statute--instead of section
29.02--the robbery statute. See Tex. Penal Code Ann. §§ 29.02, 29.03 (Vernon 2003). Because we have
the necessary data and evidence for reformation, we modify the trial court's judgment to reflect the correct
statute of the offense for which Martinez was convicted--section 29.02 of the penal code. See id. § 29.02;
see also Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should Martinez wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.